# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 2-93 |
| | ) |
| OMARI HOWARD PATTON | |

**MEMORANDUM ORDER**

Before the Court is Defendant's Motion to Correct Clerical Error pursuant to Fed. R. Crim. P. 36. Defendant contends his sentence was incorrectly based, in part, on a firearm enhancement, because the record is devoid of evidence that he in fact possessed a firearm. He seeks to correct this purported inaccuracy.

"Rule 36 provides that '[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission.' 'A clerical error involves a failure to accurately record a statement or action by the court or one of the parties.'" United States v. Patton, 2015 U.S. App. LEXIS 12735, at \*\*3-4 (3d Cir. July 23, 2015) (citations omitted). Accordingly, Rule 36 is "limited," and "may not be used to challenge the sufficiency of the District Court's findings at sentencing." United States v. Bullock, 2015 U.S. App. LEXIS 12686, at \*\*5-6 (3d Cir. July 23, 2015).

In the present case, at Defendant's June 30, 2005 sentencing hearing, defense counsel argued against a firearm enhancement. Counsel's contentions were similar to those that Defendant now raises. The Court considered the parties' positions, and found the enhancement appropriately imposed. Thus, Defendant's present Motion does not seek to correct an error arising from oversight or omission, or a failure to accurately record a statement or action.

1

Instead, it seeks redress that cannot be accomplished via Rule 36. Therefore, Defendant's Motion [1151] will be denied.

AND NOW, this 20th day of August, 2015, IT IS SO ORDERED.

BY THE COURT:

/s/Donetta W. Ambrose

_____
Donetta W. Ambrose
Senior Judge, U.S. District Court