IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES | ) | |
| --- | --- | --- |
| | ) | CR 2-93 |
| v. | ) | |
| OMARI PATTON | | |

**ORDER**

Before the Court are Defendant's Motion for Leave to File for Equitable Relief pursuant to Federal Rule of Civil Procedure 60(b)(6), in the shape of reinstatement of his previously denied Section 2255 Motion, and Motion for release of discovery material. In the latter, Defendant seeks to obtain the names and whereabouts of each United States Marshal on duty on the first day of Defendant's trial.[1]

Rule 60(b)(6) permits a party relief from any final judgment, order, or proceeding for "any...reason that justifies relief." Fed. R. Civ. P. 60(b)(6). A "movant under Rule 60(b) bears a heavy burden," and is deemed to request "extraordinary relief which should be granted only where extraordinary justifying circumstances are present." Oat v. Sewer Enters., 584 F. App'x 36, 41 (3d Cir. 2014). In addition, in a Section 2255 proceeding, discovery may be authorized for "good cause." Rule 6, Rules Governing Section 2255 Proceedings.

At issue is this Court's Order dated August 11, 2010, denying Defendant's Section 2255 Motion based, in part, on his claim that his Sixth Amendment right was violated when the courtroom was closed to the public. The Court of Appeals reviewed Defendant's Sixth Amendment claim, and affirmed this Court's decision by Opinion filed on October 23, 2012.

Defendant identifies no "extraordinary circumstances" that would justify reinstatement, and no "good cause" for discovery. There is no suggestion that the discovery sought would lead

---

[1] Also on the docket is Defendant's Motion to Vacate, which was stayed pending the outcome of Defendant's request for certification by the Court of Appeals to file a second or successive petition.

1

to information bearing on the substantive deficiencies in Defendant's Sixth Amendment challenge, as identified by both this Court and the Court of Appeals. Defendant's Section 2255 arguments were thoroughly considered, on the merits, and rejected both here and at the appellate level. Reinstatement would essentially permit an end-run around the bar on second or successive Section 2255 petitions, and also initiate an objectionable "fishing expedition." Such action would be both unwarranted and improper. Defendant's Motions [1224] [1226] are denied.

AND NOW, this 1st day of June, 2017, IT IS SO ORDERED.

BY THE COURT:

/s/Donetta W. Ambrose

_____

Donetta W. Ambrose

Senior Judge, U.S. District Court