IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
|    -vs- ) | Criminal No. 2-93 |
| ) | |
| OMARI PATTON, ) | |
| ) | |
|    Defendant. ) | |

AMBROSE, Senior District Judge

### MEMORANDUM OPINION AND ORDER DENYING
### MOTION FOR COMPASSIONATE RELEASE & TO REDUCE SENTENCE

Defendant Omari Patton filed a Motion for Compassionate Release and to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (ECF 1295) The Motion is predicated upon the COIVD-19 global pandemic and the Defendant's health. Initially, the Defendant was sentenced to 360 months of imprisonment related to drug offenses. That sentence was later reduced to 294 months following retroactive changes in the law regarding drug classifications and quantities. (ECF 1154) On January 8, 2019, a grand jury returned an indictment charging the Defendant with one count of Conspiracy to Possess Controlled Substances with Intent to Distribute, in *United States v. Landfried, et al.,* 19-cr-008. That case has been assigned to my colleague Judge Ranjan.

In the pending Motion, the Defendant states:

> His detention in United States Marshals custody arises from the indictment at *United States v. Landfried*, 19-cr-8 (W.D. Pa.), and a motion for detention hearing has been filed in that case. The *Landfried* allegations involve a number of prisoners that were indicted for a synthetic-marijuana distribution conspiracy while in prison. A few other defendants with medical issues have filed similar motions, and Mr. Patton has no objection to both this motion and his *Landfried* motion being combined into one detention hearing, with *Landfried* being the lead case. **If detention remains required by *Landfried*, it would moot this motion.**

(ECF 1295, n. 17) (emphasis added).

1

Following a detention hearing on June 5, 2020, the *Landfried* Court entered an Order of Detention Pending Trial. (*Landfried*, 19-8 at ECF 2019). Judge Kelly noted that a rebuttable presumption of detention arises under 18 U.S.C. § 3142(e)(3) and that, although the Defendant presented evidence sufficient to rebut the presumption, consideration of other factors warranted detention. Specifically, Judge Kelly found that the Government had proven, by clear and convincing evidence, that no condition or combination of conditions of release will reasonably assure the safety of any other person in the community. Judge Kelly also found additional reasons for detention, including: that the weight of evidence against the Defendant is strong; the Defendant is subject to lengthy period of incarceration if convicted; the Defendant's prior criminal history; the Defendant's participation in criminal activity while on probation, parole, or supervision; the Defendant's history of alcohol abuse; and prior violations of probation, parole, or supervised release.

Because the Defendant remains detained pursuant to the Order issued at Docket No. 2019 in *USA v. Landfried, et al.*, 19cr08, and based on his concession that an Order of Detention in that case would require a denial of the pending Motion for Compassionate Release, the Motion is denied. The Motion is also denied because, based upon his detention in *USA v. Landfried, et al.*, 19cr08, the Defendant has not presented compelling reasons supporting a modification of his sentence.

Date: June 8, 2020

                                                              BY THE COURT:

                                                             */s/ Donetta W. Ambrose*

                                                            Donetta W. Ambrose
                                                            United States Senior District Judge